UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FABIAN GARDNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 18-CV-3317 |
| OFFICER J. SPAID #696, and SERGEANT J. MADDOX #644, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

NOW COME the Defendants, Officer Justin Spaid and Sergeant Jarod Maddox, by and through their attorney, John Zimmerman, Assistant Corporation Counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure moves this Court for the entry of an order granting summary judgment in its favor and against Plaintiff. In support hereof, the Defendants provide and incorporate by reference herein the following:

## INTRODUCTION

On December 26, 2018, Plaintiff, while incarcerated, filed a *pro se* complaint against Defendants pursuant to 42 U.S.C. §1983. This complaint proceeded through the merit review process and the Honorable Judge Myerscough found Plaintiff's only plausible claims were those for false arrest and wrongful pretrial detention against Officer Spaid. This Court found these were the only claims that survived the merit review process and that the claims against Sgt. Maddox failed unless Plaintiff amended his claims. Plaintiff never amended his claims. As a result, the only Defendant who remains relevant to this lawsuit is Officer Spaid.

Defendants were the only parties that conducted discovery. Plaintiff did not provide any discovery, including initial disclosures ordered by this Court, has not provided any additional documentation, and has not made any filings with this Court since his notice of change of address in August of 2019. Regarding Plaintiff's claims, the undisputed evidence shows the Springfield Police Department did not arrest Plaintiff. In other words, neither Defendant Spaid nor Defendant Maddox arrested Plaintiff nor subsequently detained him. Thus, these undisputed facts, taken in the light most favorable to Plaintiff, clearly show the actions of Defendants neither constituted a false arrest nor wrongful pretrial detention.

Accordingly, Defendants request this Court grant summary judgment in their favor.

**UNDISPUTED MATERIAL FACTS**

1. On or around February 16, 2018, Defendant Spaid neither arrested nor wrongfully detained Plaintiff. (Exhibit 1-2)
2. Defendant Spaid is an employee of Springfield Police Department. (Exhibit 1)
3. The Springfield Police Department is a separate law enforcement agency than Sangamon County Sherriff's department. (Exhibit 1-2)
4. Sangamon County Sherriff's Department was the law enforcement department that arrested Plaintiff. (Exhibit 1-2)

**EXHIBITS FILED HEREWITH**

1. Exhibit 1, Officer Spaid's Affidavit (Exhibit 1).
2. Exhibit 2, Brad Jackson's Affidavit (Exhibit 2).

# ARGUMENT

## THIS COURT SHOULD GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS THERE IS NO GENUINE DISPUTE OF MATERIAL FACT THAT DEFENDANTS DID NOT ARREST NOR SUBSEQUENTLY DETAIN PLAINTIFF

*Authority*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).

Summary judgment is the "put up or shut up" moment in a lawsuit, when a party must show what evidence it has that would convince a factfinder to accept its version of events. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Therefore, to successfully oppose a motion for summary judgment, a party must do more than raise a metaphysical doubt as to the material facts. *Michael v. St. Joseph Cty.*, 259 F.3d 842, 845 (7th Cir. 2001). Instead, a responding party must present definite, competent evidence to rebut the motion. *Id.*

Rule 56 permits a defendant to challenge the viability of the plaintiff's claim by asserting that at least one essential element of plaintiff's claim is not supported by legally-sufficient evidence. *Celotex Corp.*, 477 U.S. at 324-25 (1986). The defendant need not present his own evidence to support this assertion, but need only point to the absence of evidence favoring the plaintiff. *Turner*

*v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). In response, the plaintiff cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrate that factual questions remain for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003).

*Analysis*

In this case, Plaintiff alleges Defendant Officers unlawfully arrested him and wrongfully detained him. (D.E. #1, Plaintiff's Complaint)

The undisputed facts tell a different story. Defendant Officers did not arrest Plaintiff nor did they subsequently detain him. (Exhibits 1-2) Although Defendants conducted a search warrant that searched the place where Plaintiff resided, Plaintiff was not arrested by the Springfield Police Department regarding this lawsuit. (Exhibits 1-2) Plaintiff is suing the wrong party. Indeed, the undisputed evidence proves Officer Spaid did not falsely arrest nor detain Plaintiff regarding this lawsuit because a Sangamon County Sheriff's Deputy arrested Plaintiff regarding this lawsuit. (Exhibits 1-2) Further, Plaintiff has failed to conduct discovery, has failed to provide any of his own evidence to support his assertions, and, as a result, he cannot rely solely upon the allegations in the pleadings to support his claims.

Accordingly, as there is no genuine issue of material fact that Defendant Officers did not arrest Plaintiff nor subsequently detain him, and Plaintiff has failed to support his allegations with any legally-sufficient evidence, this Court should grant Defendants' motion for summary judgment.

## **CONCLUSION**

**WHEREFORE,** as the material facts are not in dispute, Defendants pray that this Court grant Defendants' motion for summary judgment, grant Defendants their cost of the suit, and any other relief the Court deems just.

>
> Respectfully submitted,
> By:   **s/John M. Zimmerman**
> Attorney for Defendants
> Assistant Corporation Counsel
> Room 313 Municipal Center East
> 800 East Monroe Street
> Springfield, Illinois 62701-1689
> Telephone:   (217) 789-2393
> Email:         john.zimmerman@springfield.il.us